MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ARTURO MORALES, DOMINGO ANDRES
FRANCISCO and RUFINO MARCELO
FLORES, *individually and on behalf of others
similarly situated,*

|                                   |                                            |
|-----------------------------------|--------------------------------------------|
|                 *Plaintiffs*,     | **COMPLAINT**                              |
|                                   |                                            |
|            -against-              | **COLLECTIVE ACTION UNDER 29**             |
|                                   | **U.S.C. § 216(b) AND RULE 23**            |
|                                   | **CLASS ACTION**                           |

MOTORINO EAST VILLAGE INC. (d/b/a
PIZZERIA MOTORINO), MOTORINO 3 INC.
(d/b/a PIZZERIA MOTORINO), DIMITRI
VLAHAKIS and MATHIEU PALOMBINO,

**ECF Case**

                                   *Defendants.*
--------------------------------------------------------X

    Plaintiffs Arturo Morales, Jose Luis Andres Guevara and Rufino Marcelo Flores,

individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through

their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as

against Motorino East Village Inc. (d/b/a Pizzeria Motorino) and Motorino 3 Inc. (d/b/a Pizzeria

Motorino) ("Defendant Corporations") and Individual Defendants Dimitri Vlahakis and Mathieu

Palombino (collectively, "Defendants") allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of defendants Motorino East Village Inc. (d/b/a Pizzeria Motorino), Motorino 3 Inc. (d/b/a Pizzeria Motorino), Dimitri Vlahakis and Mathieu Palombino.

2.       Defendants own, operate, or control two Italian restaurants one of which is located at E (hereinafter "Pizzeria Motorino East Village") and the second one is located at 510 Columbus Avenue, New York, NY 10024 (hereinafter "Pizzeria Motorino West Side") under the name "Pizzeria Motorino".

3.      Upon information and belief, individual defendants Dimitri Vlahakis and Mathieu Palombino serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the Italian restaurants as joint or unified enterprises.

4.      Plaintiffs were ostensibly employed by Defendants as delivery workers.

5.      However, they were required to spend a considerable part of their work day performing non-tipped duties including but not limited to, various restaurant duties such as dishwashing, mopping, sweeping, carrying wood up from the basement, cleaning containers, putting together boxes, sweeping the sidewalk, carrying, unpacking, and stocking deliveries, transporting supplies such as food and soda from the basement to the kitchen and from the kitchen back to the basement, taking out the garbage and twisting and tying up cardboard boxes/cartons for recycling, and hosing the special filter fan behind the kitchen (hereafter the "non-tipped, non-delivery duties").

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants without appropriate minimum wages for the hours that they worked each week.

7.    Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked at the straight rate of pay.

8.    Further, Defendants failed to pay Plaintiff Flores the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.    Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality their duties required a significant amount of time spent in non-tipped, non-delivery duties.

10.    Regardless, at all times Defendants paid these plaintiffs at a rate that was lower than the required tip-credit rate.

11.    Under state law, Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (12 N.Y.C.R.R. §146-2.9).

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiffs' actual duties in payroll records to avoid paying Plaintiffs at the minimum wage rate and to enable them to pay Plaintiffs at the lower tip-credited rate (which they still failed to do), by designating them as delivery workers instead of non-tipped employees.

13.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

14.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

15.    Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate two Italian restaurants located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

### *Plaintiffs*

18.    Plaintiff Arturo Morales ("Plaintiff Morales" or "Mr. Morales") is an adult individual residing in Queens County, New York. Plaintiff Morales was employed by Defendants at Pizzeria Motorino East Village from approximately September 2012 until on or about March 2016 and at Pizzeria Motorino West Side from approximately December 2016 until on or about October 10, 2017.

19.    Plaintiff Domingo Andres Francisco ("Plaintiff Andres" or "Mr. Andres") is an adult individual residing in Bronx County, New York. Plaintiff Andres was employed by

Defendants at Pizzeria Motorino West Side from approximately September 20, 2016 until on or about August 2017.

20.     Plaintiff Rufino Marcelo Flores ("Plaintiff Flores" or "Mr. Flores") is an adult individual residing in New York County, New York. Plaintiff Flores was employed by Defendants at Pizzeria Motorino West Side from approximately November 2016 until on or about October 15, 2017.

*Defendants*

21.     At all relevant times, Defendants own, operate, or control two Italian restaurants one of which is located at 349 E. 12th Street, New York, NY 10003 and the other located at 510 Columbus Avenue, New York, NY 10003 under the name "Pizzeria Motorino".

22.     Upon information and belief, Motorino East Village Inc. (d/b/a Pizzeria Motorino) is a domestic corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 349 E. 12th Street, New York, NY 10014.

23.     Upon information and belief, Motorino 3 Inc. (d/b/a Pizzeria Motorino) is a domestic corporation organized and existing under the laws of the State of New York.  Upon information and belief, it maintains its principal place of business at 510 Columbus Avenue, New York, NY 10014.

24.      Defendant Dimitri Vlahakis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Dimitri Vlahakis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Dimitri Vlahakis possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations.

He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.    Defendant Mathieu Palombino is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mathieu Palombino is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Mathieu Palombino possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

26.    Defendants operate two Italian restaurants located in the East Village and Upper West Side sections of Manhattan in New York City.

27.    The individual defendants, Dimitri Vlahakis and Mathieu Palombino possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

28.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employ Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.     Upon information and belief, individual defendants Dimitri Vlahakis and Mathieu Palombino operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as corporations,

b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

f)  intermingling assets and debts of their own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34.    In each year from 2012 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

36.    Plaintiffs are former employees of Defendants who were ostensibly employed as delivery workers. However, they spend over 20 percent of their work hours performing the non-tipped/non-delivery duties described above.

37.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Arturo Morales*

38.    Plaintiff Morales was employed by Defendants at Pizzeria Motorino East Village from approximately September 2012 until on or about March 2016, and at Pizzeria Motorino West Side from approximately December 2016 until on or about October 10, 2017.

39.    Defendants ostensibly employed Plaintiff Morales as a delivery worker.

40.    However, Plaintiff Morales also was required to spend a significant portion of his work day performing the non-tip duties described above.

41.    Although Plaintiff Morales ostensibly was employed as a delivery worker, he spent over twenty percent of each work day performing the non-tip work described above.

42.    Plaintiff Morales regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.    Plaintiff Morales' work duties required neither discretion nor independent judgment.

44.    From approximately September 2012 until on or about March 2016, Plaintiff Morales worked at Pizzeria Motorino East Village from approximately 6:00 p.m. until on or about 11:00 p.m. on Wednesdays, from approximately 6:00 p.m. until on or about 12:00 a.m. on Thursdays, from approximately 6:00 p.m. until on or about 1:00 a.m. on Fridays and Saturdays and from approximately 6:00 p.m. until on or about 10:00 p.m. on Sundays (typically 39 hours per week).

45.    In addition, during a period of 5 months during this period of time, Plaintiff Morales worked from approximately 11:00 a.m. until on or about 5:00 p.m. three days a week and from approximately 6:00 p.m. until on or about 12:00 a.m. three days a week (typically 36 hours per week).

46.    From approximately December 2016 until on or about October 10, 2017, Plaintiff Morales worked at Pizzeria Motorino Upper West Side from approximately 6:00 p.m. until on or about 11:00 p.m. on Wednesdays, from approximately 6:00 p.m. until on or about 12:00 a.m. on Thursdays, from approximately 6:00 p.m. until on or about 1:00 a.m. on Fridays and Saturdays

and from approximately 6:00 p.m. until on or about 10:00 p.m. on Sundays (typically 39 hours per week).

47.    From approximately September 2012 until on or about December 2014, defendants paid Plaintiff Morales $5.00 per hour in cash.

48.    From approximately January 2015 until on or about March 2016, defendants paid Plaintiff Morales $5.68 per hour by personal check.

49.    From approximately December 2016 until on or about September 17, 2017, defendants paid Plaintiff Morales $7.50 per hour by check.

50.    From approximately September 18, 2017 until on or about October 10, 2017, defendants paid Plaintiff Morales $9.15 per hour by check.

51.    Defendants never granted Plaintiff Morales any break or meal periods of any length.

52.    Plaintiff Morales never was notified by Defendants that his tips were being included as an offset for wages.

53.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Morales' wages.

54.    No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Morales regarding overtime and wages under the FLSA and NYLL.

55.    Prior to December 2016, Defendants did not provide Plaintiff Morales with a statement of wages with each payment of wages, as required by NYLL 195(3).

56.    Defendants never gave any notice to Plaintiff Morales, in English and in Spanish (Plaintiff Morales' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

57.    Defendants required Plaintiff Morales to purchase "tools of the trade" with his own

funds—including four bicycles, five sets of lights two helmets and $120 per month in bike repair and maintenance.

*Plaintiff Domingo Andres Francisco*

58.     Plaintiff Andres was employed by Defendants from approximately September 20, 2016 until on or about August 2017.

59.     Defendants ostensibly employed Plaintiff Andres as a delivery worker.

60.     However, Plaintiff Andres also was required to spend a significant portion of his work day performing the non-tip duties described above.

61.     Although Plaintiff Andres ostensibly was employed as a delivery worker, he spent over twenty percent of each work day performing the non-tip work described above.

62.     Plaintiff Andres regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

63.     Plaintiff Andres' work duties required neither discretion nor independent judgment.

64.     From approximately September 20, 2016 until on or about August 2017, Plaintiff Andres worked at Pizzeria Motorino Upper West Side from approximately 5:00 p.m. until on or about 9:00 p.m., or from approximately 6:00 p.m. until on or about 10:00 p.m. Tuesdays through Saturdays and from approximately 6:00 p.m. until on or about 12:30 a.m. on Sundays (typically 26.5 hours per week).

65.     From approximately September 20, 2016 until on or about August 2017, defendants paid Plaintiff Andres $7.50 per hour by check

66.     Defendants never granted Plaintiff Andres any break or meal periods of any length.

67.     Defendants never notified Plaintiff Andres that his tips were being included as an offset for wages.

68.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Andres' wages.

69.     No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Andres regarding overtime and wages under the FLSA and NYLL.

70.     Defendants never gave any notice to Plaintiff Andres, in English and in Spanish (Plaintiff Andres' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

71.     Defendants required Plaintiff Andres to purchase "tools of the trade" with his own funds—including a bicycle and $600 in bike maintenance and repair.

*Plaintiff Rufino Marcelo Flores*

72.     Plaintiff Flores was employed by Defendants from approximately November 2016 until on or about October 15, 2017.

73.     Defendants ostensibly employed Plaintiff Flores as a delivery worker.

74.     However, Plaintiff Flores also was required to spend a significant portion of his work day performing the non-tip duties described above.

75.     Although Plaintiff Flores ostensibly was employed as a delivery worker, he spent over twenty percent of each work day performing the non-tip work described above.

76.     Plaintiff Flores regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

77.     Plaintiff Flores' work duties required neither discretion nor independent judgment.

78.     From approximately November 2016 until on or about October 15, 2017, Plaintiff Flores worked at Pizzeria Motorino Upper West Side from approximately 11:00 a.m. until on or

about 5:00 p.m. Mondays through Thursdays, and from 11:00 a.m. until on or about 9:00 p.m. or 9:30 p.m. Fridays and Saturdays (typically 34 to 34.5 hours per week).

79.    From approximately November 2016 until on or about September 2017, defendants paid Plaintiff Flores $7.50 per hour by check.

80.    From approximately September 2017 until on or about October 15, 2017, Defendants paid Plaintiff Flores $9.15 per hour by check.

81.    Defendants never granted Plaintiff Flores any break or meal periods of any length.

82.    Defendants never notified Plaintiff Flores that his tips were being included as an offset for wages.

83.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Flores' wages.

84.    No notifications, either in the form of posted notices or other means, were ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

85.    Defendants never gave any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

86.    Defendants required Plaintiff Flores to purchase "tools of the trade" with his own funds—including a bicycle and $2,500 in bike maintenance and repair.

*Defendants' General Employment Practices*

87.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work without paying them appropriate minimum wage as required by federal and state laws.

88.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

89.     Defendants required Plaintiffs to perform general non-tipped restaurant tasks in addition to their primary duties as delivery workers.

90.     Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

91.     These Plaintiffs were not even paid at a lowered tip-credited rate by Defendants.

92.     However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (12 N.Y. C.R.R. § 146).

93.     New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he is assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§146). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

94.     Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped duties described above.

95.     In violation of federal and state law, as discussed above, Defendants classified Plaintiffs as tipped employees but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

96.     Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

97.    At no time did Defendants inform Plaintiffs that they reduced their hourly wage by a tip allowance.

98.    Defendants failed to maintain accurate record of tips earned by Plaintiffs for the deliveries they made to customers.

99.    Prior to September 2016, Plaintiffs were paid their wages entirely in cash or by personal check.

100.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

101.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

102.    Defendants' unlawful conduct was intentional, willful, in bad faith, and has caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

103.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

104.    Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

105.    Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

106.    Plaintiffs bring their FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA class Period").

107.    At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage.

108.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

109.     Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

110.     Plaintiffs bring their New York Labor Law minimum wage and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

111.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

112.     There are questions of law and fact common to the Class including:

a.  What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b.  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c.  What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d.  Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and overtime at the premium rate within the meaning of the New York Labor Law;

e.  Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g.  What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage and overtime work.

113.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of minimum wage, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

114.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

115.    The common questions of law and fact predominate over questions affecting only individual members.

116.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

117.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)**

118.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

120.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

121.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

122.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members), at the applicable minimum hourly rate.

123.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

124.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)**

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiffs (and the FLSA and Rule 23 class members) controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

127.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members) less than the minimum wage.

128.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

129.    Plaintiffs were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR**

130.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.    Defendants failed to pay Plaintiff Flores one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

132.    Defendants' failure to pay Plaintiff Flores an additional hour's pay for each day Plaintiff Flores' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

133.    Plaintiff Flores was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW**

134.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135.    Defendants failed to provide Plaintiffs with a written notice, in English and in

Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

136.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

137.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

138.    With each payment of wages, Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

139.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

140.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

141.    Defendants required Plaintiffs (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles and helmets, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

142.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' FLSA and Rule 23 class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 class members;

(e)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiffs and FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(h)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' (and the FLSA and Rule 23 class members) compensation, hours, wages and any deductions or credits taken against wages;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations;

(j)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA and Rule 23 class members;

(k)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum wages, spread of hours and for any improper deductions or credits taken against wages, under the NYLL, as applicable;

(l)     Awarding Plaintiffs and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m)     Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages

in an amount equal to one hundred percent (100%) of the total amount of minimum wages and spread of hours shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(n)    Awarding Plaintiffs and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(o)    Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q)    All such other and further relief as the Court deems just and proper

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
          November 24, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    /s/ Michael Faillace
          Michael Faillace [MF-8436]
          60 East 42nd Street, suite 4510
          New York, New York 10165
          Telephone: (212) 317-1200
          Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

November 9, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                         Arturo Morales

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:     _____

Date / Fecha:              9 de noviembre

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com


November 9, 2017

BY HAND


TO:    Clerk of Court,


I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Domingo Andres Francisco


Legal Representative / Abogado:      Michael Faillace & Associates, P.C.


Signature / Firma:


Date / Fecha:                09 de noviembre de 2017


*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

November 21, 2017

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          <u>Rufino Marcelo Flores</u>

Legal Representative / Abogado:     <u>Michael Faillace & Associates, P.C.</u>

Signature / Firma:      _____

Date / Fecha:           _____<u>21 de noviembre de 2017</u>_____

*Certified as a minority-owned business in the State of New York*