MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
DOMINGO ANDRES FRANCISCO,
*individually,*                                          **17-cv-09236 (AT)**

                        *Plaintiff*,
                                                         **FIRST AMENDED COMPLAINT**

            -against-

MOTORINO 3 INC.  (D/B/A PIZZERIA                          **ECF Case**
MOTORINO) and MATHIEU PALOMBINO ,


                        *Defendants.*
------------------------------------------------------X

   Plaintiff Domingo Andres Francisco ("Plaintiff Francisco" or "Mr. Francisco"),
individually, by and through his attorneys, Michael Faillace & Associates, P.C., upon his
knowledge and belief, and as against Motorino 3 Inc. (d/b/a Pizzeria Motorino), ("Defendant
Corporation"), and Mathieu Palombino, ("Individual Defendant"), (collectively, "Defendants"),
alleges as follows:

<u>**NATURE OF ACTION**</u>

   1.    Plaintiff Francisco is a former employee of Defendants Motorino 3 Inc. (d/b/a
Pizzeria Motorino) and Mathieu Palombino.

   2.    Defendants own, operate, or control an Italian restaurant, located  at 510 Columbus
Avenue, New York, NY 10014 under the name "Pizzeria Motorino".

3.      Upon information and belief, individual Defendant Mathieu Palombino, serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Francisco was an employee of Defendants.

5.      Plaintiff Francisco was employed as delivery worker at the restaurant located at 510 Columbus Avenue, New York, NY 10014.

6.      Plaintiff Francisco was ostensibly employed as delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to twisting and tying up cardboard boxes/cartons hereafter the ("non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiff Francisco worked for Defendants without appropriate minimum wage and spread of hour's compensation for the hours that he worked.

8.      Rather, Defendants failed to pay Plaintiff Francisco appropriately for any hours worked, either at the straight rate of pay.

9.      Further, Defendants failed to pay Plaintiff Francisco the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.      Defendants employed and accounted for Plaintiff Francisco as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing non-tipped duties alleged above.

11.      Regardless, at all relevant times, Defendants paid Plaintiff Francisco at a rate that was at the lowered tip-credited rate.

12.      However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Francisco's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Francisco's actual duties in payroll records by designating them as delivery worker instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiff Francisco at the minimum wage rate and enabled them to pay them at the lower tip-credited rate.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Francisco without providing the minimum wage compensation required by federal and state law and regulations.

15.     Plaintiff Francisco now brings this action on behalf of himself for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Francisco's state law claims under 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate an Italian restaurant located in this district.  Further, Plaintiff Francisco was employed by Defendants in this district.

## PARTIES

*Plaintiff*

18.     Plaintiff Domingo Andres Francisco ("Plaintiff Francisco" or "Mr. Francisco") is an adult individual residing in Bronx County, New York.

19.     Plaintiff Francisco was employed by Defendants at Pizzeria Motorino from approximately September 20, 2016 until on or about August 2017.

20.     Plaintiff Francisco consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b).

*Defendants*

21.     At all relevant times, Defendants own, operate, or control an Italian restaurant, located at 510 Columbus Avenue, New York, NY 10014 under the name "Pizzeria Motorino".

22.     Upon information and belief, Motorino 3 Inc. (d/b/a Pizzeria Motorino) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 510 Columbus Avenue, New York, NY 10014.

23.     Defendant Mathieu Palombino is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mathieu Palombino is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Mathieu Palombino possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Francisco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24.     Defendants operate an Italian restaurant located in the Upper West Side of Manhattan in New York City.

25.     Individual Defendant, Mathieu Palombino, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

26.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27.     Each Defendant possessed substantial control over Plaintiff Francisco's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Francisco.

28.     Defendants jointly employed Plaintiff Francisco and are Plaintiff Francisco's employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29.     In the alternative, Defendants constitute a single employer of Plaintiff Francisco and/or similarly situated individuals.

30.     Upon information and belief, Individual Defendant, Mathieu Palombino operates Defendant Corporation as either an alter ego of himself and/or fail to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

        a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

31.     At all relevant times, Defendants were Plaintiff Francisco's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Francisco, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Francisco's services.

32.     In each year from, 2016 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34.     Plaintiff Francisco is a former employee of Defendants who was employed as delivery worker. However, he spent 20% of each shift performing the non-tipped duties described above.

*Plaintiff Domingo Andres Francisco*

35.     Plaintiff Francisco was employed by Defendants from approximately September 20, 2016 until on or about August 2017.

36.     Defendants ostensibly employed Plaintiff Francisco as delivery worker.

37.     However, Plaintiff Francisco was also required to spend a significant portion of his work day performing the non-tipped duties described above.

38.     Although Plaintiff Francisco ostensibly was employed as delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

39.     Plaintiff Francisco regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.     Plaintiff Francisco's work duties required neither discretion nor independent judgment.

41.     From approximately September 20, 2016 until on or about December 2016, Plaintiff Francisco worked as delivery worker from approximately 5:00 p.m.  until on or about 9:00 p.m., or from 6:00 p.m. until on or about 10:00 p.m., five days a week and from approximately 6:00 p.m. until on or about 12:30 a.m., one day a week (typically 26.5 hours per week).

42.     From approximately January 2017 until on or about August 2017, Plaintiff Francisco worked as delivery worker from approximately 5:00 p.m. until on or about 9:00 p.m., or from 6:00

p.m. until on or about 10:00 p.m. five days a week and from approximately 12:00 p.m. until on or about 12:00 a.m. to 12:30 a.m., one day a week (typically 32 to 32.5 hours per week).

43.     Throughout his employment, Defendants paid Plaintiff Francisco his wages by check.

44.     From approximately September 20, 2016 until on or about August 2017, Defendants paid Plaintiff Francisco $7.50 per hour.

45.     Defendants never granted Plaintiff Francisco any breaks or meal periods of any kind.

46.     Plaintiff Francisco was never notified by Defendants that his tips were being included as an offset for wages.

47.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Francisco's wages.

48.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Francisco regarding overtime and wages under the FLSA and NYLL.

49.     Defendants did not provide Plaintiff Francisco an accurate statement of wages, as required by NYLL 195(3).

50.     Defendants never notified Plaintiff Francisco that his tips were being included as an offset for wages.

51.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Francisco's wages.

52.     Defendants did not give any notice to Plaintiff Francisco, in English and in Spanish (Plaintiff Francisco's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53.     Defendants required Plaintiff Francisco to purchase "tools of the trade" with his own funds—including one bicycle and bike maintenance and repair.

*Defendants' General Employment Practices*

54.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Francisco to work without paying him appropriate minimum wage and spread of hours pay as required by federal and state laws.

55.     Plaintiff Francisco was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56.     Defendants' pay practices resulted in Plaintiff Francisco not receiving payment for all his hours worked, and resulting in Plaintiff Francisco's effective rate of pay falling below the required minimum wage rate.

57.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Francisco worked.

58.     Defendants required all delivery worker to perform general non-tipped tasks in addition to their primary duties as delivery worker.  Plaintiff Francisco, ostensibly was employed as tipped employees by Defendants, although his actual duties included a significant amount of time spent performing non-tipped duties.

59.      Plaintiff Francisco was paid at a rate that was at the lowered tip-credit rate by Defendants.

60.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Francisco's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

61.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

62.     The delivery worker's duties were not incidental to his occupation as tipped workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

63.     In violation of federal and state law as codified above, Defendants classified Plaintiff Francisco as a tipped employee, and paid him at a rate that was at the lowered tip-credit rate when they should have classified him as non-tipped employee and paid him at the minimum wage rate.

64.     Defendants failed to inform Plaintiff Francisco who received tips that Defendants intended to take a deduction against Plaintiff Francisco's earned wages for tip income, as required by the NYLL before any deduction may be taken.

65.     Defendants failed to inform Plaintiff Francisco who received tips, that his tips were being credited towards the payment of the minimum wage.

66.     Defendants failed to maintain a record of tips earned by Plaintiff Francisco who worked as delivery worker for the tips he received.

67.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

68.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Francisco (and similarly situated individuals) worked, and to avoid paying Plaintiff Francisco properly for his full hours worked.

69.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

70.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Francisco and other similarly situated former workers.

71.     Defendants failed to provide Plaintiff Francisco with accurate wage statements at the time of his payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

72.     Defendants failed to provide Plaintiff Francisco, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

73.     Plaintiff Francisco repeats and realleges all paragraphs above as though fully set forth herein.

74.     At all times relevant to this action, Defendants were Plaintiff Francisco's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Francisco, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for his employment.

75.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77.     In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiff Francisco at the applicable minimum hourly rate.

78.     Defendants' failure to pay Plaintiff Francisco at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79.     Plaintiff Francisco was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

80.      Plaintiff Francisco repeats and realleges all paragraphs above as though fully set forth herein.

81.     At all times relevant to this action, Defendants were Plaintiff Francisco's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Francisco, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

82.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Francisco less than the minimum wage.

83.     Defendants' failure to pay Plaintiff Francisco the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

84.     Plaintiff Francisco was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR)

85.     Plaintiff Francisco repeats and realleges all paragraphs above as though fully set forth herein.

86.     Defendants failed to pay Plaintiff Francisco one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Francisco's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

87.     Defendants' failure to pay Plaintiff Francisco an additional hour's pay for each day Plaintiff Francisco's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

88.     Plaintiff Francisco was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW)

89.     Plaintiff Francisco repeats and realleges all paragraphs above as though fully set forth herein.

90.     With each payment of wages, Defendants failed to provide Plaintiff Francisco with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates

- 13 -

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

91.      Defendants are liable to Plaintiff Francisco in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

92.       Plaintiff Francisco repeats and realleges all paragraphs above as though fully set forth herein.

93.      Defendants required Plaintiff Francisco to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

94.      Plaintiff Francisco was damaged in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Francisco respectfully requests that this Court enter judgment against Defendants by:

(a)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Francisco;

(b)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Francisco;

(c)     Awarding Plaintiff Francisco damages for the amount of unpaid minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(d)     Awarding Plaintiff Francisco liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(e)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Francisco;

(f)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Francisco;

(g)     Awarding Plaintiff Francisco damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(h)     Awarding Plaintiff Francisco liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(i)     Awarding Plaintiff Francisco pre-judgment and post-judgment interest as applicable;

(j)      Awarding Plaintiff Francisco the expenses incurred in this action, including costs and attorneys' fees;

(k)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

      (l)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

    Plaintiff Francisco demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
       January 5, 2018

                               MICHAEL FAILLACE & ASSOCIATES, P.C.

                   By:       /s/ Michael Faillace
                         Michael Faillace [MF-8436]
                         60 East 42nd Street, Suite 4510
                         New York, New York 10165
                         Telephone: (212) 317-1200
                         Facsimile: (212) 317-1620
                         *Attorneys for Plaintiff*