# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 2020      Telephone: (212) 317-1200
New York, New York 10165      Facsimile: (212) 317-1620
_____

sclark@faillacelaw.com

April 18, 2018

**VIA ECF**
Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

        Re:    <u>Andres Francisco v. Motorino 3 Inc. et al.</u>,
                17-cv-9236 (AT)

Your Honor,

     This firm represents the Plaintiff Domingo Andres Francisco ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendants to request that the Court approve the settlement agreement ("the Agreement") reached by the parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The Agreement is attached hereto as Exhibit A.

     Plaintiff has agreed to settle all of his claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of these claims with prejudice, in exchange for consideration as set forth in the Agreement. The Agreement is the result of arms-length bargaining between the Parties. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims against all the Parties asserted in this case as outlined more specifically in the attached Agreement.

     The Parties have concluded that the Agreement is fair, reasonable, adequate, and in the Parties' mutual best interests. For these reasons and based on the reasons set forth below, the Parties jointly and respectfully request that that Court enter an Order approving the settlement as fair and reasonable.

April 18, 2018
Page 2

### I. Statement of the Case

This is an action for money damages brought by Plaintiff Domingo Andres Francisco. Plaintiff alleged violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"). Specifically, Plaintiff was allegedly employed at Defendant's restaurant. Plaintiff alleged Defendants engaged in a wide variety of FLSA and NYLL violations, including failure to pay appropriate overtime, failure to pay spread of hours pay pursuant to the spread of hours wage order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, 146-1.6 (herein the Spread of Hours Wage Order), and violation of the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. §195). Plaintiff's estimate of his damages if he were fully successful on all of their arguments at trial, excluding attorney's fees and costs, is attached hereto as Exhibit B.

Defendants denied the allegations.

### II. The Proposed Settlement is Fair and Reasonable

Under the settlement, Defendants will pay $5,000.00 to settle all claims. Of this amount, $1,650.00 will be attorney's fees and costs in this matter, with the remainder to go to the Plaintiff. As is reflected in Exhibit B, Plaintiff's recovery represents the majority of his estimated unpaid wages in this matter.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Having conferred with Defendants, it became clear that they were sharply contested factual and legal disputes that went to the heart of Plaintiff's claims. Significantly, Defendants vigorously contested the Plaintiff's entitlement to wage damages at all. The proposed settlement represents a reasonable compromise between the strength of Plaintiff' claims and Defendants' defenses.

Considering the risks in this case outlined above, Plaintiff believe that this settlement is an excellent result for the Plaintiff, and it should be approved as a fair settlement. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

April 18, 2018
Page 3

### III. Plaintiff' Attorneys' Fees are Fair and Reasonable

Under the settlement, and in accordance with their retainer agreements with the Plaintiff, Plaintiff's counsel will receive $1,650.00 from the settlement fund as attorneys' fees and costs. This represents one third of the settlement fund and constitutes a reduction from the forty percent retainer rate reflected in the Plaintiff's retainer agreements.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiff's counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, Plaintiff' counsel was able to obtain an excellent result with relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

   a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

   b. Shawn Clark is a litigation associate at Michael Faillace & Associates. A fifth-year associate, Attorney Clark graduated from New York University School of Law in 2010, where he was a Dean's Scholar and an articles editor for the New York University Journal of Legislation and Public Policy. During law school Attorney Clark interned in the trial sections of the United States Attorney's Office for the Eastern District of New York and the New York County District Attorney's Office, and assisted United States District Judge John Gleeson with formulating a curriculum for newly appointed appellate

judges at New York University's Opperman Institute for Judicial Administration.

Following law school, Attorney Clark was awarded a NYPD Law Graduate Fellowship, a program by the New York City Police Foundation and New York City Law Department which selects a single outstanding law school graduate per year. In 2010, Attorney Clark worked in the Legal Bureau of NYPD under the direct supervision of the NYPD's chief legal officer, where he advised police executives on a variety of criminal and employment law issues. In the remaining years of the fellowship Attorney Clark was assigned to the Special Federal Litigation Division of the New York City Law Department, where he was responsible for defending Section 1983 litigation brought against police, district attorney and correction defendants in the Southern and Eastern Districts of New York.

Attorney Clark is an active member of the New York City Bar Association and the New York Chapter of the National Employment Lawyers Association. He was selected as Super Lawyers Rising Star for 2015.

April 18, 2018
Page 5

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                      Respectfully submitted,

                                      /s/Michael Faillace
                                      Michael Faillace
                                      MICHAEL FAILLACE & ASSOCIATES, P.C.
                                      Attorneys for the Plaintiff

Enclosures