**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| DOMINGO ANDRES FRANCISCO, *Individually*, <br><br> *Plaintiff*, <br><br> -against- <br><br> MOTORINO 3 INC. (D/B/A PIZZERIA MOTORINO) and MATHIEU PALOMBINO <br><br> *Defendants*. | 17-cv-09236 (AT) <br><br> **SETTLEMENT AGREEMENT AND RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff, Domingo Andres Francisco ("Plaintiff") on the one hand, Motorino 3 Inc. (d/b/a Pizzeria Motorino), (the "Defendant Corporation"), and Mathieu Palombino (the "Individual Defendant") (collectively the Defendant Corporation and the Individual Defendant are the "Defendants"), on the other hand. The effective date of this Agreement shall be upon Court Approval after full execution and exchange of this Agreement by the parties ("Effective Date").

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-09236 (AT) (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment:** Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiff may have against Defendants through the Effective

Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Five Thousand Dollars ($5,000) (the "Settlement Amount") to be paid to Plaintiff's attorneys as follows:

    2.    A check in the amount of One Thousand Six Hundred Fifty Dollars ($1,650) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for immediate deposit Thirty Days (30) after court approval of this settlement agreement, delivered to Plaintiff's counsel. Additionally, Defendants shall send two separate checks each for One Thousand Six Hundred and Seventy Five Dollars ($1,675) made payable to Domingo Andres Francisco. Defendants shall issue 50% of Plaintiff's settlement as back wages, deducting appropriate taxes, and issuing Plaintiff with a W-2. The remaining 50% will be treated as Plaintiff's liquidated damages, Defendants will issue to Plaintiffs a 1099. Defendants and Defendants' Counsel make no warranty and have provided no advice regarding the tax treatment of payments and Plaintiff acknowledges he has received no representations from Defendants' Counsel regarding taxation or tax advice. All taxes, other than the employer's share of payroll taxes, are the sole responsibility of the individual receiving the payment. Plaintiff agrees to provide to Defendants, through counsel, a form W-9 or valid Taxpayer Identification Number (including either a Social Security Number "SSN" or an Individual Taxpayer Identification Number "ITIN") to assist Defendants in the lawful issuance of the above payments. Defendants are not obligated to issue any payment of the Settlement Amount to Plaintiff until they receive a valid Taxpayer Identification Number.

    (a)    Defendants shall deliver payment to the office of Michael Faillace & Associates, P.C., attention Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165 within the time periods set forth above, but only after Defendants receive a valid Taxpayer Identification Number

    3.    <u>Release and Covenant Not To Sue</u>: In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which he had, now have or hereafter can, shall or may have against Defendants, arising from the transactions and occurrences set forth in this lawsuit including but not limited to: (i) claims arising directly or indirectly from Plaintiff's association, employment, and/or engagement with any of the Defendants, whether as independent contractors, employees, or otherwise, and/or the termination of that association, employment, and/or engagement; (ii) claims for minimum wages, overtime, commissions, and/or unpaid wages, compensation, and/or other remuneration, whether based on common law or otherwise, which specifically includes all claims for unpaid overtime, improper deductions, travel time, off-the-clock work, spread of hours pay, bonuses, penalties, expense reimbursements, gratuities, charges purporting to be gratuities, fees, tip credits, tip allowances, service charges, retained gratuities, improper tip pooling or tip sharing arrangements, call-in pay, tools-of-the-trade, and/or meal credits during Plaintiff's employment with any of the Defendants and/or other compensation, wages. This release is limited solely and only to claims

that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any claims that may occur after that date. Plaintiff hereby specifically acknowledges that this Agreement, and the monies received by Plaintiff and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or other law for time worked.

4.  **No Admission of Wrongdoing:** This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.  **Dismissal of the Litigation:** Plaintiff shall file with the Court in this litigation, within seven (7) days of receipt of the executed Settlement Agreement and first payment in accordance with paragraph 1, a Notice of Voluntary Dismissal with Prejudice. In the event that additional documentation is needed to terminate the Litigation, Plaintiff shall execute and submit all documents required to terminate such proceedings.

6.  **Modification of the Agreement:** This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

7.  **Acknowledgment:** Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

8.  **Notices:** Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Brett Reed Gallaway
McLaughlin and Stern, LLP
260 Madison Ave, 20th
New York, NY 10016
Tel: (212) 448-1100
Fax: (212) 448-0066
Email: bgallaway@mclaughlinstern.com

9. **Governing Law**: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York.

10. **Enforceability**: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly execute a release, waiver and/or covenant that is legal and enforceable.

11. **Release Notification**: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

11. **Counterparts**: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

**Plaintiff:**

Date: 11-02-18          By: _____
                             Domingo Andres Francisco


**Defendants:**

MOTORINO 3 INC.

By: _____
Print Name: Mathieu Palombino
Date: 11/5/2018

Date: 11/5/2018          By: _____
                              Mathieu Palombino