UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINGO ANDRES FRANCISCO,
*individually*,

                Plaintiff,

-against-

MOTORINO 3 INC. (D/B/A PIZZERIA
MOTORINO) and MATHIEU PALOMBINO,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __11/7/2018__

17 Civ. 9236 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Domingo Andres Francisco, brings this action against Defendants, Motorino 3 Inc. and Mathieu Palombino, alleging, *inter alia*, unpaid minimum wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Am. Compl. ¶ 15, ECF No. 20. On April 18, 2018, the parties notified the Court that they reached a settlement and moved for approval of their settlement agreement. Joint Letter, ECF No. 36. On September 25, 2018, the Court denied the motion without prejudice on the ground that the settlement agreement contained "an overbroad release and waiver provision that runs afoul of FLSA." ECF No. 37 at 2. The parties have now filed a revised settlement agreement which contains a "revised release [that] narrowly concerns claims arising from the transactions and occurrences set forth in this lawsuit" (the "Revised Settlement"). ECF Nos. 41, 41-1. For the reasons stated below, the motion is GRANTED.

## DISCUSSION

### I. Legal Standard

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

    In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

   II.   <u>Analysis</u>

The Revised Settlement provides for Defendants to pay a total of $5,000, with Plaintiff to receive $3,350, and Plaintiff's counsel to receive approximately one-third of the settlement: $1,650. Joint Letter at 2; Settlement Agreement and Release ("Revised Settlement") ¶ 1, ECF No. 41-1. The parties' letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims, to be $4,732.88 in unpaid wages and overtime. ECF No. 36-2. The parties also assert that the Revised Settlement "represents a reasonable compromise between the strength of Plaintiff's claims and Defendants' defenses," as Defendants "sharply contested factual and legal disputes that went to the heart of Plaintiff's claims," including Plaintiff's entitlement to wage damages at all. Joint Letter at 2. Additionally, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion. *Id.* at 1. The Court concludes, therefore, that the Revised Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Revised Settlement is no longer overly broad, as the release by Plaintiff to Defendants is limited to claims "arising from the transactions and occurrences set forth in this lawsuit." Revised Settlement ¶ 3. The Revised Settlement also contains no confidentiality provision. The Court is, therefore, satisfied that the Revised Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks to recover a $1,650 fee award, reflecting one-third of the total value of the Revised Settlement. Joint Letter at 3; Revised Settlement ¶ 1. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [her] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). As a check on the reasonableness of attorney's fees, however,

courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $4,637.50 in attorney's fees and costs for work done by Michael Faillace & Associates, P.C.  Billing Records, ECF No. 36-3.  Michael Faillace, lead counsel on the matter, billed 6.1 hours at a rate of $450 per hour.  *Id.*  This rate is reasonable, as Faillace is the managing member of the firm, has been practicing since 1983, and has taught employment discrimination at Fordham University and Seton Hall University law schools.  Joint Letter at 3; *see also Surdu v. Madison Glob., LLC*, No. 15 Civ. 6567, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018) (finding reasonable Faillace's hourly rate of $450).  Additional hours are billed by associate Shawn Clark, who billed 3.5 hours at a rate of $375 per hour.  *See* Billing Records. This rate is higher than what courts in this District have approved for Clark, as recent decisions have awarded Clark an hourly rate of $250.  *See, e.g.*, *Rosales v. Gerasimos Enters., Inc.*, No. 16 Civ. 2278, 2018 WL 286105, at *1–2 (S.D.N.Y. Jan. 3, 2018) (awarding Clark $250 per hour); *Sevilla v. Nekasa Inc.*, 16 Civ. 2368, 2017 WL 1185572, at *5–6 (S.D.N.Y. Mar. 30, 2017) (same).  The Court, therefore, reduces Clark's rate to $250 per hour.

Here, the reduction in Clark's hourly rates merits a reduction in the lodestar.  However, Plaintiff's counsel's lodestar calculation still exceeds the fee request after the reduction (the reduced lodestar is $4,200, compared to the $1,650 proposed by the parties).  Given this fact, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015), the Court finds that the fee award is reasonable.

## CONCLUSION

For the reasons stated above, the parties' motion for settlement approval is GRANTED.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: November 7, 2018
       New York, New York

_____
ANALISA TORRES
United States District Judge